

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2008

# Kesuma v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kesuma v. Atty Gen USA" (2008). *2008 Decisions.* Paper 201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3854

_____

FARIDA FANTY KESUMA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY DEPARTMENT OF HOMELAND SECURITY,

Respondents

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95-838-101
(U.S. Immigration Judge:  Honorable Charles M. Honeyman)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed   November 21, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM.

Petitioner Farida Fanty Kesuma, an ethnic Chinese Catholic native and citizen of

Indonesia, filed a timely petition for review of a final order of removal of the Board of

Immigration Appeals (BIA).  We will grant the petition.

We assume the parties' familiarity with the underlying facts in this case and, thus, we summarize only the pertinent procedural history. Kesuma entered the United States in September 2001, on a tourist visa with authorization to remain in the United States until March 2002. On October 15, 2002, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Kesuma with being subject to removal under the Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for overstaying her visa. Kesuma admitted the charges and conceded removability. She applied for asylum, withholding of removal, and for relief under the United Nations Convention Against Torture ("CAT"). On January 15, 2004, the Immigration Judge ("IJ") granted asylum to Kesuma, finding that, as a Chinese Catholic, Kesuma faced a pattern or practice of persecution in Indonesia. The BIA remanded for further proceedings in light of Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005).

On remand, the parties stipulated that Kesuma's experiences in Indonesia did not amount to past persecution under the law. The IJ denied relief based on a review of the record and of the 2005 State Department Reports on Human Rights Practices and on Religious Freedom in Indonesia. The IJ concluded that Kesuma failed to demonstrate a well-founded fear of future persecution on account of a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. The BIA dismissed the appeal. Kesuma filed a timely petition for review.

2

We have jurisdiction to review final orders of the BIA under section 242(a)(1) of the INA, 8 U.S.C. § 1252(a)(1). The threshold issue on appeal is whether the BIA applied the correct legal standard when it reviewed the IJ's denial of Kesuma's asylum application. Whether the BIA applied the appropriate standard of review is a question of law, and is therefore subject to de novo review. See Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004).

At issue in the BIA's opinion is the following language:

> We also agree with the Immigration Judge that the respondent [Kesuma] failed to meet her burden to establish that it is more likely than not that she would be persecuted on account of a protected ground if returned to Indonesia. The respondent failed to show either that she will be individually targeted for persecution or that there is a pattern or practice of persecution of ethnic Chinese in Indonesia. See C.F.R. § 1208.16(B)(2).

Kesuma argues that there is no indication in the BIA's opinion that it assessed the case under the well-founded fear standard in asylum cases. She asserts that the BIA erroneously raised the burden of proof of asylum to the "more likely than not" standard that is applied in withholding of removal cases. The government denies that the BIA applied the wrong standard. But it acknowledges that the BIA's citation to 8 C.F.R. § 1208.16(b)(2), addressing the standard in withholding of removal standard cases, is erroneous. See Appellee's Brief at 15. The government contends, however, that even if the BIA erred, the error was harmless. It suggests that the BIA simply should have placed the citation to 8 C.F.R. § 1208.16(b)(2) immediately after the first sentence in the paragraph.

3

The "more likely than not" burden of proof for establishing eligibility for withholding of removal is more stringent than the burden required for establishing asylum. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). "An [asylum] applicant must show that he has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." Id. at 175. The "clear probability" standard for withholding of removal is a higher standard that does not have a subjective component. We cannot ignore the BIA's express language applying the clear probability standard for withholding of removal to Kesuma's asylum claim. Contrary to the government's contention, there is nothing in the opinion indicating that the citation to § 1208.16(b)(2) was mistaken.[1] Most important, there is no language in the opinion indicating that the BIA analyzed Kesuma's case under the proper well-founded fear of persecution standard for asylum cases. We have no choice but to remand the matter for the BIA's analysis of Kesuma's asylum claim under the appropriate standard. See Kayembe v. Ashcroft, 334 F.3d 231, 238 (3d Cir. 2003) ("When deficiencies in the BIA's decision make it impossible for us to meaningfully review its decision, we must vacate that decision and remand so that the BIA can further explain its reasoning").

On another note, we expect that the BIA will clarify on remand whether the expert affidavits (and CVs) of Dr. Jeffrey Winters and of Ms. Jana Mason are properly before it. In her brief to the BIA, Kesuma requested permission to supplement the record with the

---

[1] The standard in asylum cases is set forth in 8 C.F.R. § 1208.13.

4

Winters affidavit, which the BIA denied. A.R. at 7. Kesuma now asserts that she had submitted the Winters and Mason affidavits to the Immigration Court in her motion for reconsideration, and that they are therefore part of the administrative record on appeal. The administrative record indicates that Kesuma filed a motion to reconsider (with the affidavits and CVs) in the Immigration Court on April 11, 2006, three days before she filed a notice of appeal. A.R. at 60-306. The government filed its response after Kesuma appealed. A.R. at 48-50. It appears that the IJ did not rule on the motion for reconsideration.

For the foregoing reasons, we will grant the petition for review, vacate the BIA's Order and remand the matter to the BIA for further proceedings consistent with this opinion.